IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BARBARA JEAN HICKS,

        Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner, Social Security
Administration,

        Defendant.

1:14-cv-00510-BR

OPINION AND ORDER

ARTHUR WILBER STEVENS, III
Black Chapman Webber & Stevens
221 Stewart Avenue, Suite 209
Medford, OR 97501
(541) 772-9850

        Attorneys for Plaintiff

S. AMANDA MARSHALL
United States Attorney
RONALD K. SILVER
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204
(503) 727-1044

1 - OPINION AND ORDER

DAVID MORADO
Regional Chief Counsel
GERALD J. HILL
Special Assistant United States Attorneys
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2139

       Attorneys for Defendant

BROWN, Judge.

     Plaintiff Barbara Jean Hicks seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Act.

     This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Following a thorough review of the record, the Court AFFIRMS the final decision of the Commissioner.

## ADMINISTRATIVE HISTORY

     Plaintiff filed her application for DIB on October 6, 2010. Tr. 24.[1] Her applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on August 28, 2012. Tr. 50. At the hearing Plaintiff

---

    [1] Citations to the official transcript of record filed by the Commissioner on October 8, 2014, are referred to as "Tr."

2 - OPINION AND ORDER

was represented by an attorney.    Plaintiff and a vocational expert (VE) testified at the hearing.    Tr. 51.

The ALJ issued a decision on October 25, 2012, in which she found Plaintiff is not entitled to benefits.    Tr. 24-35.    That decision became the final decision of the Commissioner on January 28, 2014, when the Appeals Council denied Plaintiff's request for review.    Tr. 1-4.    *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).


## BACKGROUND

Plaintiff was born on October 6, 1964; was 47 years old on the date of the hearing; and has an eleventh-grade education. Tr. 58, 249, 260.    Plaintiff has prior relevant work experience as a waitress, restaurant owner, and executive chef.    Tr. 33, 74-76.

Plaintiff alleges disability since October 6, 2010, due to a "back condition," migraine headaches, heart palpitations, bilateral carpal-tunnel syndrome, "memory loss," depression, asthma, and ulcers.    Tr. 24, 254.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.    After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.    *See* Tr. 27-33.


3 - OPINION AND ORDER

## STANDARDS

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is "more than a mere scintilla" of evidence but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility,

4 - OPINION AND ORDER

resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act. *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. § 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(I). *See also Keyser*, 648 F.3d at 724.

5 - OPINION AND ORDER

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 416.920(a)(4)(ii); *Keyser*, 648 F.3d at 724.

At Step Three the Commissioner must determine whether a claimant's impairments meet or equal one of the listed impairments and are so severe that they preclude substantial gainful activity. The claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other

words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past.  20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P,

appendix 2.  If the Commissioner meets this burden, the claimant
is not disabled.  20 C.F.R. § 416.920(g)(1).


### ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since October 6, 2010, her alleged
onset date.  Tr. 27.

At Step Two the ALJ found Plaintiff has the severe
impairments of degenerative disc disease and carpal-tunnel
syndrome.  Tr. 27-29.

At Step Three the ALJ found Plaintiff's impairments do not
meet or equal the criteria for any impairment in the Listing of
Impairments.  Tr. 29-30.  In her assessment of Plaintiff's RFC,
the ALJ found Plaintiff has the functional capacity to perform a
"restricted range of light work" that allows Plaintiff to
"alternate between sitting and standing once per hour without
leaving her work station"; does not involve sitting for more than
a total of six hours per day or standing and/or walking for more
than four hours per day; does not require more than occasional
bending, stooping, kneeling, crawling, or twisting, or any
climbing of ropes, ladders or scaffolds; does not implicate any
exposure to unprotected heights or uneven surfaces; and does not
require Plaintiff to engage in any more than frequent handling or
manipulation with either hand.  Tr. 30-33.

At Step Four the ALJ found Plaintiff is unable to perform her past relevant work as a waitress, restaurant owner, or executive chef.  Tr. 33.

At Step Five, however, the ALJ found Plaintiff is capable of performing other work that exists in significant numbers in the national economy, including work as an "assembler," mail clerk, and "order filler."  Tr. 34-35.  Accordingly, the ALJ found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 35.

<u>DISCUSSION</u>

Plaintiff contends the ALJ erred when she (1) did not list Plaintiff's migraine headaches as a severe impairment at Step Two and (2) discounted Plaintiff's testimony without citing legally sufficient reasons for doing so.

**I.    Step Two**

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  *Stout v. Comm'r Soc. Sec Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. § 416.920(a)(4)(ii); *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011).  A severe impairment "significantly limits" a claimant's "physical or mental ability to do basic work activities."  20 C.F.R. §§ 416.921(a), (b).

9 - OPINION AND ORDER

Such abilities and aptitudes include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, handling, seeing, hearing, and speaking; understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *Id.*

The Step Two threshold is low:

> [A]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work . . . . [T]he severity regulation is to do no more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working.

Social Security Ruling 85-28, at *2 (Nov. 30, 1984)(internal quotations omitted).  To be included at Step Two the record evidence concerning an impairment must include "signs - the results of 'medically acceptable clinical diagnostic techniques,' such as tests - as well as symptoms, *i.e.*, [the claimant's] representations regarding [her] impairment." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005).

The Ninth Circuit has held when the ALJ has resolved Step Two in a claimant's favor, any error in designating specific impairments as severe does not prejudice a claimant at Step Two if the ALJ properly considers the omitted condition later in the sequential analysis. *Burch v. Barnhart*, 400 F.3d 676, 682-84

10 - OPINION AND ORDER

(9th Cir. 2005)(any error in omitting an impairment from the severe impairments identified at Step Two was harmless when Step Two was resolved in claimant's favor).

As noted, Plaintiff contends the ALJ erroneously failed to find Plaintiff's migraines are a severe impairment at Step Two. There is little evidence in the record of any active treatment of Plaintiff for migraines. The most recent treatment note regarding active treatment for migraine headaches is dated August 26, 2009, which is more than one year before Plaintiff's alleged onset date of disability. Tr. 529. Plaintiff's medical records near or after the alleged onset date include only passing references to migraine headaches as a condition in Plaintiff's medical history and do not reflect active, ongoing treatment of migraines; descriptions of the signs and symptoms establishing the ongoing existence of migraines; or the seriousness of the condition. Because there are not any treatment records that establish Plaintiff had migraine headaches during the period relevant to Plaintiff's disability application, the ALJ properly excluded migraine headaches at Step Two. *See Ukolov*, 420 F.3d at 1005.

Accordingly, on this record the Court concludes the ALJ properly did not list migraine headaches as a severe impairment at Step Two.

## II.  Plaintiff's Testimony

In *Cotton v. Bowen* the Ninth Circuit established two
requirements for a claimant to present credible symptom
testimony:  The claimant must produce objective medical evidence
of an impairment or impairments, and she must show the impairment
or combination of impairments could reasonably be expected to
produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th
Cir. 1986).  *See also Spelatz v. Astrue*, 321 F. App'x 689, 692
(9th Cir. 2009).  The claimant, however, need not produce
objective medical evidence of the actual symptoms or their
severity.  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).
*See also Delgado v. Commissioner of Social Sec. Admin.*, 500 F.
App'x 570, 570 (9th Cir. 2012).

If the claimant satisfies the above test and there is not
any affirmative evidence of malingering, the ALJ can reject the
claimant's pain testimony only if he provides clear and
convincing reasons for doing so.  *Parra v. Astrue*, 481 F.3d 742,
750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834
(9th Cir. 1995)). General assertions that the claimant's
testimony is not credible are insufficient.  *Id.*  The ALJ must
identify "what testimony is not credible and what evidence
undermines the claimant's complaints." *Id.* (quoting *Lester*, 81
F.3d at 834).

In her Adult Function Report dated November 8, 2010,

12 - OPINION AND ORDER

Plaintiff reported she cannot stand for more than fifteen-to-thirty minutes, concentrate, grip or hold onto objects, bend, stoop, kneel, lift, or "complete a simple task."  Tr. 289. Plaintiff stated she cares for and walks her two small dogs, but she must sit down to dress herself and goes about her personal-care activities "with slow movements" to minimize pain.  Tr. 290-91.  Plaintiff also stated she walks "with the use of a cane." Tr. 292.  Plaintiff stated she performs household chores once per month, and it takes "all day" to clean her small home and do the laundry.  Tr. 292.  Plaintiff reported her pain limits her to approximately four-to-five hours of sleep per night.  Tr. 290.

Plaintiff indicated she can only lift five-to-ten pounds, can only walk one-quarter to one-half of a block before requiring a "few minutes" of rest, and can only sit for 30 minutes. Tr. 294.  Plaintiff also reported her conditions have affected her ability to climb stairs, see, remember, complete tasks, concentrate, understand, follow instructions, use her hands, and get along with others.  Tr. 294.

In a letter submitted with her Adult Function Report, Plaintiff stated she wakes up with a headache every morning. Tr. 306.  Plaintiff indicated she frequently falls when she has back spasms or heart palpitations, which has led to several trips to the emergency room.  Tr. 306.  Plaintiff reported her memory problems make it difficult to remember the names of long-time

acquaintances or how to spell common words.  Tr. 307.  Plaintiff
stated her appetite is inconsistent and when she cooks, she can
only cook simple meals because she cannot stand long enough to
cook a homemade meal.  Tr. 307.

In a later undated letter Plaintiff reported she has
"moderate to severe" fibromyalgia.  Tr. 324.  Plaintiff also
indicated she had to find other homes for her dogs because she
"could not afford to feed them."  Tr. 325.

At the hearing Plaintiff testified she suffered from
migraine headaches between two and four times per month and that
the headaches could last between two and three days.  Tr. 59.
Plaintiff told the ALJ that she experiences "a lot of nausea"
with the headaches.  Tr. 61.

As a result of her pain, Plaintiff reported she spent at
least six hours per day in bed and that her symptoms were getting
"progressively worse."  Tr. 59.  Plaintiff testified, however,
that she takes care of her own personal needs, cleans her home,
and washes her dishes.  Tr. 60.  Plaintiff reported that she can
only stand for ten-to-fifteen minutes and that she frequently has
to shift while sitting and standing.  Tr. 61-62.  Plaintiff also
reported her carpal-tunnel syndrome causes her hands to be "so
swollen [she] can't move them or bend them" in the morning.
Tr. 62.  Plaintiff stated she cannot hold onto items like coffee

mugs or pens for an extended period because her "hands start to cramp and there's no grip strength in them."  Tr. 72.

When her back pain is particularly severe, Plaintiff testified she is "in bed all day long."  On good days, however, Plaintiff can get out of bed for "sometimes two to three hours if longer, not at a time but individual times throughout the day."  Tr. 69.

The ALJ discredited Plaintiff's testimony due to (1) inconsistencies of Plaintiff's allegations, her statements to medical providers, and her clinical presentations and (2) the fact that Plaintiff's treatment providers pursued a conservative course of treatment during the period relevant to Plaintiff's disability determination.

The Court concludes the ALJ correctly identified multiple inconsistencies in the record between Plaintiff's allegations, statements to treatment providers, and clinical presentations. For example, on April 20, 2012, Plaintiff told her primary care provider that she did not think her carpal-tunnel syndrome was any worse than it was in 2009, which the ALJ reasonably found to be inconsistent with Plaintiff's August 28, 2012, testimony that she was "unable to grab things and write things" and her general testimony that she was "progressively getting . . . worse."

15 - OPINION AND ORDER

Tr. 59, 557.  On January 27, 2011, Plaintiff made several
statements in the emergency room that made the responding
physician "doubt the patient's truthfulness" and wonder "if the
patient's statements are made for secondary gain."  Tr. 496-97.
Finally, after conducting a physical examination for purposes of
Plaintiff's disability determination, Roger W. Steinbrenner,
M.D., noted several inconsistencies on examination and concluded
Plaintiff's "subjective complaints seem overstated and
inconsistent with objective findings."  Tr. 485-88.  The Court
concludes this is a compelling reason to reject Plaintiff's
testimony.

     The ALJ also reasonably found Plaintiff's stable medication
management suggested her symptoms were better controlled by
medication than Plaintiff testified.  For example, on November 8,
2010, after Plaintiff complained that she became dizzy and fell
after "she stood up too quickly," Plaintiff stated she preferred
to stay on her current medication regimen "because she is very
comfortable with her current regimen."  Tr. 521.

     On this record, therefore, the Court concludes the ALJ did
not err when she discredited Plaintiff's testimony because the
ALJ provided legally sufficient reasons supported by substantial
evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the final decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 1st day of April, 2015.


_____
ANNA J. BROWN
United States District Judge